IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALFRED WILCHER,
     Plaintiff,

vs.                                            Case No. 5:05cv132/SPM/EMT

JAMES V. CROSBY, JR., et al.,
     Defendants.
_____/

### ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on June 28, 2005 (Doc. 1).  Plaintiff also filed a Motion to Proceed In Forma Pauperis, which the court granted (Docs. 5, 6).  Subsequently, Plaintiff filed a Motion For an Order Compelling Discovery (Doc. 8) and a Motion for Appointment of Counsel (Doc. 9).  Upon further review, the court has determined that the order granting in forma pauperis status should be vacated and this action dismissed pursuant to the "three strikes" provision of the Prison Litigation Reform Act (PLRA).  Accordingly, the motion for an order compelling discovery and motion for appointment of counsel should be denied as moot.

### I.     BACKGROUND

Plaintiff names four Defendants in his complaint: James V. Crosby Jr., the secretary of the Florida Department of Corrections; N.B. Gillo, M.D., the Chief Health Officer at Gulf Correctional Institution ("GCI"); M. Norman, the Assistant Warden at GCI; and L. Bullock, a classification officer at GCI.  Plaintiff claims that Defendants' failure to provide him with proper medical treatment for his foot condition, specifically soft shoes, violated his Eighth and Fourteenth Amendment  rights.  According to Plaintiff, the lack of soft shoes causes chronic foot pain and swelling.

II.      **ANALYSIS**

The "three strikes" provision of the PLRA provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court takes judicial notice of approximately nine civil rights cases previously filed by Plaintiff in the Northern, Southern, and Middle Districts of Florida, at least four of which have been dismissed by the court as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  Case number 5:05cv39 (NDFL) and case number 3:99cv427 (MDFL) were dismissed as frivolous or malicious, and case numbers 5:04cv419 (NDFL) and 3:99cv226 (MDFL) were dismissed for failure to state a claim upon which relief may be granted.

Additionally, Plaintiff does not allege that he is under imminent danger of serious physical injury, nor is any such threat apparent from the alleged facts.  Because Plaintiff has failed to demonstrate that his case qualifies for the imminent danger exception to the "three strikes" provision, Plaintiff cannot proceed in forma pauperis.  Accordingly, the order permitting him to do so shall be vacated (Doc. 6) and his motion to proceed in forma pauperis (Doc. 5) shall be denied.

Furthermore, the Eleventh Circuit has mandated that, in a case where a prisoner plaintiff who is subject to the "three strikes" provision requests leave to proceed in forma pauperis but is denied leave, the district court must dismiss the case.  *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).  Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $250.00 filing fee in its entirety.

Accordingly, it is **ORDERED:**

1.      The court's previous order (Doc. 6) granting Plaintiff leave to proceed in forma pauperis is hereby **VACATED.**

2.      Plaintiff's motion to proceed in forma pauperis (Doc. 5) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1.      That Plaintiff's civil rights complaint (Doc. 1) be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2.      That, based on the dismissal of the complaint, Plaintiff's motion for an order compelling discovery (Doc. 8) and Plaintiff's motion for appointment of counsel (Doc. 9) be **DENIED** as moot.


**DONE AND ORDERED** this 9th  day of September 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**